Soates, Justice, delivered tlie following dissenting opinion : I concur with the court in reversing this judgment,, upon the ground of uncertainty in the description of the property; but in relation to the mechanic’s lien attaching to such an interest as the intestate possessed, I differ with the majority of the court. By the act of 1833 (R. L. 447), when the contract is made with the proprietor or proprietors of any tract of land or town lot,” to erect or repair any house, mill, building, or machinery, or to furnish materials, a lien to secure payment therefor shall attach upon such “ house, building, mill, machinery, and on such tract of land or town lot.” By the act of 1833-40 (Laws of 1839-40, 147), in a similar express contract made with the ‘£ owner of any piece of land or town lot,” the mechanic “shall have a lien upon the whole tract of land or town lot,” for sueli labor or materials, wliicli extends to “all work done, and materials furnished under the provisions of the contract.” (§ 2) ; “ and the court is authorized to order the sale thereof.” § 3. If the “ premises can be separated,” the court may order the sale of a part, when part is sufficient. § 14, p. 148. If the person “ has an estate for life only, or any other estate less than a fee simple in the land or lot,” or if the same “ is mortgaged, or under any other encumbrance,” he “ shall nevertheless be considered as the owner, [*535] within the meaning of this act, to the extent of his right and interest in the premises,” and whatever right or estate he has, or his equity of redemption, may be sold. § 17, And “ no encumbrance ” shall defeat the lien as to the work and materials. ' § 20 ; “ but the legal or equitable claim to lands or lots” shall be such an interest within the meaning of this act. § 21. In the cases of Carson v. Clark, 1 Scam. 113, and Hutson v. Overturf., 1 Scam. 170, it was held by this court that the work and labor and possessory right of a settler upon congress land were not a sufficient consideration to support a promise, after entry, to pay for them. The statute afterwards interposed and declared that •such sale of improvements should be deemed a good consideration. R. L. 420. Still this statute does not create any estate in the land, either legal or equitable, nor any claim to it. Neither do I regard the pre-emption laws as conferring any estate in the land, either in law or equity, so as to make the pre-emptor either an owner or proprietor. It is a mere proposition of the vendor to the party, giving him a preference and a certain limited time to accept the terms before the land shall be offered generally to any bidder. - How one having the option for a limited time to become the purchaser in preference to all others can, by reason and force merely of such proposition, acquire a claim to, or estate of any kind in, the property about which he is negotiating, is more than I can, legally speaking, comprehend. In the ease of Wilcox v. McConnel, 13 Peters 498, the supreme court of the United States would not admit a certificate of purchase to be evidence of title, although issued by the agents of the vendor. When, therefore, the legislature speaks of the legal or equitable estates or interests claimed in lands or town lots by proprietors or owners we should not look for those mere possessory claims which may be maintained against all having no title, but which cannot be set up to resist the lowest grade of estate in the land. This 'is a mere preemption claim, which is neither proprietorship, ownership, legal or equitable estate or interest, nor even claim of them in the land, but a mere right of possession to the land, as against those who have no title, claim, interest, or estate in it. I concur, therefore, in reversing the judgment,. but not in remanding it for further proceedings, as X do not think that a lien can attach to such an interest as the administrator’s intestate liad in this land. Thomas, Justice, said : I concur in the foregoing opinion of Mr. Justice Scates. • Judgment reversed.